**SLYDER v MINIX, et**

Ohio Appeals, 2nd Dist, Preble Co.

No. 98. Decided May 19, 1939

John W. Dye, Eaton; W. S. Rhotehamel, Dayton; Harold Smock, Dayton, for plaintiff-appellant.

John M. Kiracofe, Eaton; Ralph G. Sever, Eaton, for defendant-appellees.

## OPINION

By HORNBECK, PJ.

Plaintiff instituted his action against the defendant Board of County Commissioners for damages for personal injuries predicated upon the violation of §7563 GC. Issues were drawn and the cause was submitted to a jury.

It was undisputed that the commissioners had violated §7563 GC and the court in its general charge said to the jury that this was negligence per se and if the sole proximate cause of plaintiff's injuries, he should recover. The court further instructed the jury that if the plaintiff was chargeable with contributory negligence he could not recover.

The Section under consideration, 7563 GC, requires that the County Commissioners shall erect or cause to be erected guard rails on each side of every approach to a County bridge * * * if the approach or embankment is more than 6 feet high. §7565 provides:

"Failure to comply with the provisions of the next two preceding sections shall render the county liable for all accidents or damages as a result of such failure."

Before argument counsel for the plaintiff had requested the court to charge that if the jury found that plaintiff's injuries were the direct result of the failure of the defendants to comply with §7563 GC, plaintiff was entitled to a verdict. The court in the first instance gave this charge and then withdrew it and instructed the jury that before the plaintiff was entitled to a verdict it must appear that the failure of the defendant to comply with §7563 GC was a sole proximate cause of his injuries.

The record discloses that plaintiff interposed no objection or exception to the action of the trial judge on the refusal to give the special charge as requested and no special or general exception was noted to the general charge. The plaintiff moved for new trial which was overruled and exceptions were noted to this action of the trial judge and judgment entered on the verdict. The motion for new trial raises the questions which are now urged in this court on appeal. They are two.

(1) That the failure of the County Commissioners to observe the provisions of the statute under consideration should have been found to be willful and wanton misconduct and therefore take away the defense of contributory negligence.

(2) When it appears that the §7563 GC has been violated the Commissioners are liable without respect to the contributory negligence of the plaintiff.

As we view it there is no merit in the first claim for two all sufficient reasons. First: The petition is drawn upon the hypothesis of simple negligence, namely, the violation of a statute enjoining a specific obligation upon the County Commissioners. There are no averments that this violation of the statute was willful or wanton and, of course, this alone would not be sufficient but there is no setting out of any fact which would tend to establish any wanton or willful acts on the part of the County Commissioners. We do not discuss it but it is indeed doubtful if the County Commissioners, as

**334**

such, would be in any situation required to respond in damages for wanton or willful misconduct. Of course, the Commissioners were chargeable with the violation of the statute and the court instructed the jury that such violation was negligence per se.

The proposition that the violation of a statute is not of itself wanton or willful misconduct is supported by the following authorities: **Payne, Dir. etc. v Vance, 103 Oh St 59; Higbee Co. v Jackson, 101 Oh St 75; Union Gas & Electric Company v Crouch, 123 Oh St 81; Universal Concrete Pipe Company v Bassett, 130 Oh St 567; Village of Newburgh Heights v Vanek, 29 Oh Ap 517; Slicker v Seccombe, 42 Oh Ap 357.**

The second question is more difficult and we do not find any decision in Ohio of the court of last resort relating to the §7565 GC, which we have under consideration in this case.

The basis of negligence per se as ordinarily found resulting from a violation of a statute is that a party having disobeyed a mandatory requirement of law relating to public safety has committed an unlawful act which is in and of itself tantamount to proof of actual negligence. If such negligence is a proximate cause of injury to another without that other contributing to cause his own injuries the latter may recover. His obligation to respond in damages is a common law obligation and is not the result of any specific language of the Code.

In the situation here presented, however, we not only have a specific requirement enjoined upon the County Commissioners, a violation of which is at least a breach of a remedial statute and the consequence of the failure to observe that Section is carried into a separate provision in §7565 GC. The language of this Section is broad and comprehensive. It will be noted that the failure to comply with §7565 renders the county liable **for all damages as a result of such failure.** It must be said that in this case the damages were a proximate result of the failure of the

County Commissioners to obey the statute. It may be that this would make the Commissioners liable without respect to the contributory negligence of the plaintiff. If we had no decision in Ohio on the subject the question would give us much concern.

In view of the few cases wherein the matter has been considered we could not hold that contributory negligence is not a defense.

In Ohio, the rule, that contributory negligence bars a recovery, applies to actions where the negligent act of the defendant consists in the violation of a statute. **The Pittsburgh, Fort Wayne & Chicago R. R. Co. v Methven, 21 Oh St 586; Krause v Morgan, 53 Oh St 26; Schell v DuBois, 94 Oh St 93; Boucher v Wyandot County, 38 O. C. C. 224.**

The last cited case grew out of an action for damages resulting to plaintiff from injuries received while he was driving his automobile along a public road in Wyandot County. The charge against the defendants was that they had violated §7563 GC. The court charged the jury that there were four elements which the plaintiff must prove before he could recover. (1) That the road in question was a public highway. (2) That at the time of the alleged accident there was a perpendicular wash bank more than 8 feet high immediately connected with or adjacent to said highway which was unprotected by suitable guards at the place where it is alleged the injury was received by the plaintiff. (3) That the plaintiff sustained the injuries complained of. (4) That they were caused by the negligence of defendant. In the opinion at page 226, following the statement of the charge of the court, it is said:

"From the undisputed evidence and the admissions in the pleadings, there was but a single issue left in this case for the consideration of the jury, towit: was the plaintiff guilty of negligence which contributed to the accident, and hence the trial court was

wrong in submitting the four issues, since each and all of them were settled and determined by the evidence and admissions in the pleadings."

It is further said that,

"There was no question in the case as to the negligence of the defendant and that the trial court should have so charged the jury."

It is then further said:

"And where such act of negligence on the part of the defendant is the direct and proximate cause of an injury, the defendant is liable unless the jury should have found that the negligence of plaintiff directly contributed to his injury."

Likewise to the effect that the defense of contributory ▌ negligence is available in actions for violation of §7563 GC, Zimmer v Kennedy et, 23 Abs 429.

The decision of the Supreme Court in The Pittsburgh, Fort Wayne & Chicago R. R. Co. v Methven, supra, is probably by analogy controlling of our question here. In the cited case the action was against a Railroad Company to recover damages for the killing of a cow of plaintiff, the result of a violation of a statute requiring Railroad Companies to erect necessary cattle guards, to prevent cattle and other animals from endangering themselves * * * by getting upon such railroad. The section further provides:

"And such company shall be liable for all damages which may result to domestic horses, cattle, or other domestic animals, by reason of the want or insufficiency of such fences, * * *."

McIlvaine, J. in writing the opinion, page 591, said:

"As a general rule, it stands upon the clearest principle, as well as authority, that courts of justice will not enforce contribution among wrongdoers; nor will they apportion damages between the parties, where one, by his own wrong, has contributed to his loss, although the other, by like fault has, in some part, caused the injury."

And at the bottom of page 592:

"Nor do we believe that there is any difference in respect to the application of the doctrine of contributory negligence, between cases where the cause of action is based upon a statute, and those founded upon the principle of the common law, except as above stated, where the statute imposes the liability by way of penalty merely, or otherwise clearly restricts the application of the doctrine."

We are therefore of the opinion that the trial judge committed no error in charging contributory negligence and that there is no prejudicial error to the cause of the plaintiff in the record in this case.

As this case was tried before the new appellate act was effective, it is doubtful indeed if the appellant has the right to urge the errors assigned inasmuch as no exception was noted either to the special instruction before argument nor to the general charge. However, giving a liberal interpretation to the rights of the appellant and in the light of Baker v Pendergast, 32 Oh St 495, we have considered and passed upon the errors assigned.

The judgment will be affirmed.

GEIGER and BARNES, JJ., concur.

**APPLICATION FOR REHEARING**

No. 96. Decided June 27, 1939

BY THE COURT:
Submitted on application of plaintiff-appellant for rehearing.

We have examined and considered the subject matter of this application and are of opinion that it should be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.